UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTRALINKS, INC.,                                    :          07 CV 8697 (RJS)(AJP)

                          Plaintiff,          :

                -against-                       :          **ANSWER**

EXADEL, INC.,                                         :

                          Defendant.         :
------------------------------------------------------------X

        Defendant Exadel, Inc. ("Exadel" or "Defendant"), for its answer to the Complaint of Plaintiff Intralinks, Inc. ("Intralinks" or "Plaintiff"), and counterclaims, alleges as follows:

        1.       To the extent the allegations of Paragraph 1 of the Complaint refer to the contractor agreement (the "Agreement") or the Statements of Work ("SOWs"), Defendant refers the Court to those documents for their terms, provisions and conditions.  The remaining allegations of Paragraph 1 are denied.

        2.       Defendant denies the allegations contained in Paragraph 2 of the Complaint and alleges that Plaintiff seeks relief to which it is not entitled.

        3.       Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 3 of the Complaint.

        4.       Defendant admits the allegations contained in Paragraph 4 of the Complaint.

        5.       Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except admits that the Agreement contains a forum selection clause and refers the Court to the Agreement for its terms, provisions and conditions.

7. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that the parties met in or about the Fall of 2006 to discuss the development and delivery of software.

10. With respect to the allegations of Paragraph 10 of the Complaint, Defendant refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

11. With respect to the allegations of Paragraph 11 of the Complaint, Defendant refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

13. With respect to the allegations of Paragraph 13 of the Complaint, Defendant admits that the parties entered into two SOWs, denies the remaining allegations therein and refers the Court to the SOWs for their terms, provisions and conditions.

14. With respect to the allegations of Paragraph 14 of the Complaint, Defendant refers the Court to the SOWs for their terms, provisions and conditions.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint and refers the Court to the May 6, 207 e-mail for its contents.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

35. With respect to the allegations of Paragraph 35 of the Complaint, Defendant denies that it caused the performance/scalability problem referred to therein and it denies knowledge or information sufficient to form a belief concerning the truth of the allegations that such a problem in fact existed.

36. With respect to the allegations of Paragraph 36 of the Complaint, Defendant denies that there was any reasonable basis for rejecting build R14.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant repeats and realleges each and every response set forth in paragraphs 1 through 39 above, as if fully set forth herein.

41. With respect to the allegations contained in the first sentence of Paragraph 41 of the Complaint, Defendant refers the Court to the Agreement and SOWs for their terms, provisions and conditions. With respect to the allegations contained in the second sentence of Paragraph 41 of the Complaint, Defendant states that it contains legal conclusions to which no response is required.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

45. Defendant restates each and every response set forth in paragraphs 1 through 44 above, as if fully set forth herein.

46. With respect to the allegations contained in Paragraph 46 of the Complaint, Defendant states that they contain legal conclusions to which no response is required and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint and refers the Court to the Agreement and the SOWs for their terms, provisions and conditions.

48. Defendant repeats and realleges each and every response set forth in paragraphs 1 through 47 above, as if fully set forth herein.

49. With respect to the allegations contained in Paragraph 49 of the Complaint, Defendant states that they contain legal conclusions to which no response is required and refers the Court to the Agreement and the SOWs for their terms, provisions and conditions.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

51. Defendant repeats and realleges each and every response set forth in paragraphs 1 through 50 above, as if fully set forth herein.

52. With respect to the allegations contained in Paragraph 52 of the Complaint, Defendant states that they contain legal conclusions to which no response is required.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

54. Defendant repeats and realleges each and every response set forth in paragraphs 1 through 53 above, as if fully set forth herein.

55. With respect to the allegations contained in Paragraph 55 of the Complaint, Defendant states that they contain legal conclusions to which no response is required.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

57. Defendant repeats and realleges each and every response set forth in paragraphs 1 through 56 above, as if fully set forth herein.

58. With respect to the allegations contained in Paragraph 58 of the Complaint, Defendant states that they contain legal conclusions to which no response is required.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint and refers the Court to the Agreement and SOWs for their terms, provisions and conditions.

### FIRST AFFIRMATIVE DEFENSE

60. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

61. Any delays, increased costs and/or other problems with respect to the production and delivery of the software were due to the acts and/or omissions of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

63. Plaintiff breached paragraph 3 of the Agreement by disclosing confidential information in its Complaint without Defendant's written consent.

## FIFTH AFFIRMATIVE DEFENSE

64. Plaintiff has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## COUNTERCLAIMS

66. The Counterclaims set forth herein by Exadel, Inc. ("Exadel") seek to recover for services which it performed for IntraLinks, Inc. ("IntraLinks") at its request but for which IntraLinks has refused pay. In or about March 2007, after Exadel had substantially completed the work that was required by the Agreement and the SOWs, IntraLinks approached Exadel and asked that it assist Intralinks in integrating the software which Exadel had developed for IntraLinks (the "Integration Work") and that Exadel provide Intralinks with additional features to complement the software which Exadel had already delivered to Intralinks ("Additional Features") (the Integration Work and Additional Features are collectively referred to hereafter as the "New Work"). Since the New Work was not covered by the Agreement or SOWs, Exadel requested that a new contract be executed between the parties. IntraLinks promised that a new contract would be executed and it requested Exadel in the meantime to commence the New Work. Relying upon this promise and the understanding between the parties that IntraLinks would pay for the New Work, Exadel began the Integration Work and the development of the Additional Features for IntraLinks. The parties agreed that the New Work would be performed during April, May and June of 2007. Despite the agreement between the parties, IntraLinks has failed and refused to make the required payments for the New Work which Exadel performed. Furthermore, despite the parties' agreement that the New Work would

be performed through June 2007, on or about May 30, 2007 IntraLinks terminated the agreement, without notice and without excuse or justification.

## FIRST COUNTERCLAIM
### (Breach of Contract – Goods and Services Sold and Delivered)

67. Counterclaimant repeats and realleges each and every allegation set forth in paragraphs 66 above, as if fully set forth herein.

68. Counterclaimant Exadel is a corporation duly organized under the laws of the State of California, with its principal place of business at 1850 Gateway Boulevard, Suite 1080, Concord, California. Exadel is in the business of providing specialty software programs and related computer consulting services.

69. Upon information and belief, counterclaim-defendant IntraLinks is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 1372 Broadway, New York, New York. Upon information and belief, IntraLinks is engaged in the business of providing online document sharing services between and among businesses.

70. This Court has jurisdiction over this action pursuant to Rule 13 of the Federal Rules of Civil Procedure and 28 U.S.C. §1332(a)(2) because the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

71. In or about March 2007, Exadel and IntraLinks entered into an oral agreement wherein Exadel agreed to perform Integration Work for IntraLinks and develop Additional Features for Intralinks at discounted rates (the "New Agreement").

72. Exadel requested that the parties enter into a written agreement to memorialize the parties' understanding regarding the New Work which Exadel agreed to provide IntraLinks.

73. IntraLinks indicated that it would prepare a written agreement, but requested in the meantime that Exadel commence the New Work.

74. Exadel agreed to perform the services upon the promise and understanding that IntraLinks would pay for those services, irrespective of the existence of a written agreement.

75. The term of the New Agreement was from April 1, 2007 through June 30, 2007.

76. During the months of April and May, 2007 Exadel performed the services requested by IntraLinks.

77. IntraLinks accepted Exadel's services, while assuring it that a written agreement would be executed shortly. No written agreement was ever presented by IntraLinks.

78. On or about May 30, 2007, without excuse or justification, IntraLinks terminated the New Agreement, without notice, despite the fact that the parties had agreed that the New Agreement would continue until the end of June 2007.

79. Relying upon IntraLinks' promise that the agreement would be for a three-month period, Exadel leased an apartment in Boston for one of its employees so that he could relocate to work on-site for IntraLinks. Exadel was required to pay $7,775.00 for the apartment lease, but was unable to cancel the lease when IntraLinks unexpectedly terminated the New Agreement.

80. In addition, Exadel spent $348.80 on an airline ticket for its employee to fly to Boston on May 8, 2007, so he could be available to IntraLinks through June 2007.

81. IntraLinks accepted all of the services which Exadel provided to it throughout April and May, 2007.

82. On or about April 25, 2007, Exadel sent IntraLinks an invoice for services rendered during the month of April, 2007 at the discounted amount of $30,000.00.

83. On or about June 7, 2007, Exadel sent IntraLinks an invoice for services rendered during the month of May, 2007 at the discounted amount of $30,697.

84. Despite due demand, therefor, IntraLinks has failed to pay for the services which were provided pursuant to the parties' agreement.

85. Since IntraLinks has failed to timely pay the discounted sum of $60,697 for Exadel's services and thereby breached the New Agreement, Exadel is entitled to its usual and customary rates for such services, in the amount of $72,185.00.

86. IntraLink's failure to pay for the aforementioned services constitutes a breach of the New Agreement.

87. By reason of the foregoing breach of contract, Exadel is entitled to damages in the amount of $80,308.80, plus interest.

## SECOND COUNTERCLAIM
### (Unjust enrichment)

88. Counterclaimant repeats and realleges each and every allegation set forth in paragraphs 66 through 87 above, as if fully set forth herein.

89. IntraLinks received a benefit as a result of the Integration Work and Additional Features which were provided to it by Exadel.

90. IntraLinks has failed and refused to pay for the reasonable value of such services, despite due demand therefor and, consequently, IntraLinks has been unjustly enriched in the amount of $80,308.80, plus interest.

## THIRD COUNTERCLAIM
### (Breach of Covenant of Good Faith and Fair Dealing)

91.     Counterclaimant repeats and realleges each and every allegation set forth in paragraphs 66 through 90 above, as if fully set forth herein.

92.     Implicit in the New Agreement between the parties is an obligation of good faith and fair dealing, which requires each party to refrain from any act or omission that would injure or destroy the right of the other party to receive the fruits and benefits of their agreement.

93.     IntraLinks lured Exadel into continuing to perform Integration Work and the development of Additional Features and devoting manpower and resources for the benefit of IntraLinks by, among other things, continuing to promise to pay for this work. However, upon information and belief, IntraLinks never intended to pay for these services but instead was planning to terminate Exadel and replace it with another computer consulting firm.

94.     By its acts and omissions, described more particularly above, IntraLinks knowingly, willfully, intentionally and maliciously failed to fulfill its implied covenant of good faith and fair dealing implicit in the New Agreement with Exadel. By reason of the forgoing breach of the covenant of good faith and fair dealing, Exadel is entitled to damages against IntraLinks in an amount to be determined at trial.

**WHEREFORE,** Defendant Exadel demands judgment dismissing the Complaint of IntraLinks and judgment against IntraLinks on its counterclaims as follows:

(a)     On the First Counterclaim, damages in the amount of $80,308.80 plus interest;

#276498.1                              13

   (b) On the Second Counterclaim, damages in the amount of $80,308.80, plus interest;

   (c) On the Third Counterclaim, damages in an amount to be determined at trial; and

   (d) On all counterclaims, reasonable attorneys' fees, the costs and disbursements of this action and such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
   October 16, 2007

               KANE KESSLER, P.C.

               By: _____
                 Jeffrey H. Daichman (JD-8802)
                 Gillian Overland (GO-7300)
               Attorneys for Defendant
               1350 Avenue of the Americas
               New York, New York 10019
               (212) 541-6222

TO: Mitchel H. Ochs, Esq.
   **ANDERSON & OCHS, LLP**
   Attorneys for Plaintiff
   61 Broadway, Suite 2900
   New York, New York 10006
   (212) 334-3600

#276498.1             14

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

I, **SANDRA AYALA**, being duly sworn, say:

I am not a party to the within action, am over 18 years of age, and reside at Levittown, New York.

On October 16, 2007, I served the within:

### ANSWER

by delivering a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following:

Mitchel H. Ochs, Esq.
**ANDERSON & OCHS, LLP**
Attorneys for Plaintiff
61 Broadway, Suite 2900
New York, New York 10006

_____
SANDRA AYALA

Sworn to before me this
16th day of October, 2007

_____
Notary Public

CLARA LOUISE KAISER
Notary Public, State of New York
No. 01KA4922949
Qualified in Nassau County
Commission Expires March 7, 2010

#276498.1                                15