UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
INTRALINKS, INC.,                                            :    Case No.: 07 civ 8697
:
            Plaintiff,                        :
:
  -against-                                              :    **REPLY TO COUNTERCLAIMS**
:
EXADEL, INC.,                                                :
:
            Defendant.                        :
:
------------------------------------------------------------X

        Plaintiff Intralinks, Inc. ("Intralinks"), as and for its Reply to the Counterclaims of defendant Exadel, Inc. ("Exadel") set forth in its Answer, dated October 16, 2007 (the "Counterclaims"), states as follows:

        1.     Denies the truth of all allegations in paragraphs 66, 67, 71, 72, 73, 74, 75, 76, 77, 78, 81, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93 and 94 of the Counterclaims.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 68, 79 and 80 of the Counterclaims.

        3.     Admits the truth of the allegations in paragraph 69 of the Counterclaims.

        4.     Denies the truth of so much of the allegations in paragraph 70 of the Counterclaims as alleges that this Court has jurisdiction over the Counterclaims and/or that the amount in controversy exceeds $75,000.00.

        5.     Denies the truth of the allegations in paragraphs 82 and 83 of the Counterclaims, except admits that Intralinks received invoices from Exadel, and otherwise avers that Intralinks timely objected to the invoices rendered by Exadel and that Exadel was never

reasonably lead to believe that Intralinks had accepted the "services" purportedly "rendered" by Exadel.

AS AND FOR A FIRST
<u>AFFIRMATIVE DEFENSE</u>

6.  This Court lacks subject matter jurisdiction over the Counterclaims.

AS AND FOR A SECOND
<u>AFFIRMATIVE DEFENSE</u>

7.  The Counterclaims fail to state a cause of action upon which relief can be granted.

AS AND FOR A THIRD
<u>AFFIRMATIVE DEFENSE</u>

8.  The Counterclaims are barred in whole or in part by the Statute of Frauds.

AS AND FOR A FOURTH
<u>AFFIRMATIVE DEFENSE</u>

9.  The Counterclaims are barred in whole or in part by the doctrines of waiver and/or estoppel.

AS AND FOR A FIFTH
<u>AFFIRMATIVE DEFENSE</u>

10. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

AS AND FOR A SIXTH
<u>AFFIRMATIVE DEFENSE</u>

11. The Counterclaims are barred in whole or in part by the doctrine of laches.

AS AND FOR A SEVENTH
<u>AFFIRMATIVE DEFENSE</u>

12. Intralinks timely objected to the invoices rendered by Exedel.

AS AND FOR AN EIGHTH
AFFIRMATIVE DEFENSE

13. Upon information and belief, Exadel engaged in culpable conduct which caused the damages, if any, sustained by Exadel in whole or part.

Dated: New York, New York
October 30, 2007

ANDERSON & OCHS, LLP

By: _____
Mitchel H. Ochs (MO-7796)
Chase C. Vergari (CV-0601)
61 Broadway, Suite 2900
New York, New York 10006
(212) 344-3600

*Attorneys for plaintiff and counter defendant Intralinks, Inc.*

To:    Jeffrey H. Daichman
Gillian Overland
Kane Kessler, P.C.
1350 Avenue of the Americas
New York, New York 10019

*Attorneys for defendant and counterclaimant
Exadel, Inc.*