UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

INTRALINKS, INC., :

                Plaintiff, : Case No.: 07 Civ 8697 (RJS)

-against-

: (FILED ELECTRONICALLY)

EXADEL, INC., :

                Defendant.

------------------------------------------------------------------ X

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE A JURY DEMAND

ANDERSON & OCHS, LLP
61 BROADWAY, SUITE 2900
NEW YORK, NEW YORK 10006
(212) 344-3600

ATTORNEYS FOR COUNTERCLAIM DEFENDANT
INTRALINKS, INC.

# TABLE OF AUTHORITIES

**Cases**

Berger v. Goodyear Tire & Rubber Co., 83 F.R.D. at 116 .............................................................. 7

Cascone v. Ortho Pharmaceutical Corp., 702 F.2d. 389 (2d Cir. 1983) ........................................ 5

Catapano v. Western Airlines, [*21] Inc., 105 F.R.D. 621, 624 (E.D.N.Y. 1985) (late jury
    demand allowed in personal injury case where no prejudice to defendant) ............................ 7

CPH Int'l Inc. v. Phoenix Assurance Co., 1993 WL 485356 at *2 ............................................... 6

CPH Int'l, Inc. v. Phoenix, 1993 WL 485356 at *2 ...................................................................... 6

Exact Identification Corp v. Feldman Sherb & Co., 2007 U.S. Dist LEXIS 81960 (S.D.N.Y.,
    Nov. 5, 2007) (jury demand first included in a status report to court four months after Notice
    of Removal) .............................................................................................................................. 5

Higgins v. Boeing Co., 528 F.2d 1004, 1007 (2d Cir. 1975) ......................................................... 3

Higgins, 526 F.2d at 1007 .............................................................................................................. 4

Marvel Entertainment Group, Inc. v. Arp Films, Inc., 116 F.R.D. 86, 88 (S.D.N.Y. 1987) ('since
    such [breach of contract] actions are commonly heard by juries, there is no reason to presume
    that [plaintiff] contemplated a bench trial') ............................................................................... 6

Marvel Entertainment Group, Inc. v. Arp Films, Inc., 116 F.R.D. at 88 (late jury demand in
    removed case permitted based on, inter alia, defendant's failure "to identify any demonstrable
    prejudice it would suffer from [plaintiff's] untimely jury demand") ....................................... 7

National Union Fire Ins. Co. v. L.E. Myers Co. Group, 928 F. Supp. At 398 (same) ................... 6

Perelman v. Camp Androscoggin, 2008 U.S. Dist LEXIS 4600 (S.D.N.Y., Jan. 22, 2008)
    (Connor, J.) (motion for leave to file jury demand made and granted one year after case
    removed) ................................................................................................................................... 5

Reliance Elec. Co. v. Exxon Capital Corp., 932 F. Supp. At 103 [*20] ....................................... 6

Scelfo v. Aurora Concept Inc., 2006 U.S. Dist. LEXIS 5473 (S.D.N.Y., Feb. 9, 2006) (permitting
    trial by jury first demanded after the close of discovery and on the eve of trial in the absence of
    any demonstrated showing of prejudice) .................................................................................. 5

Sheikh v. Starr Transit Co., Inc., 2006 U.S. Dist LEXIS 3515 (S.D.N.Y., Jan. 30, 2006) (jury
    demand first filed seven months after suit commenced permitted in the absence of any
    prejudice) .................................................................................................................................. 5

Sherwood Apartments v. Westinghouse Elec. Corp., 101 F.R.D. 102, 104 (W.D.N.Y. 1984) ("the focus" of the Higgins-CPLR § 4102(e) discretion analysis "is blatantly on undue prejudice vel non"; untimely jury demand allowed because "delay is of no effect . . . unless it works undue prejudice, and defendant had neither asserted nor shown undue prejudice") .............................. 7

Sinnot v. NCR Corp., 1992 U.S. Dist. LEXIS 8448, 1992 WL 142050, at *1 (S.D.N.Y., June 10, 1992) ............................................................................................................................................. 3

Thompson v. Beth Israel Medical Center, 1998 U.S. Dist. LEXIS 15521 (S.D.N.Y., Oct. 2, 1998) (same) .................................................................................................................................... 5

Turkentz v. Metrmotion, Inc., 1997 U.S. Dist. LEXIS 19762 (S.D.N.Y., Dec. 12, 1997) (jury demand permitted even after plaintiff was ordered, but failed, to move for permission to file a late demand, in the absence of prejudice to the defendant) ....................................... 5

Van Zandt v. Uniroyal, Inc., 529 F. Supp. At 484 (late jury demand allowed because made early in discovery so no prejudice to defendant) .............................................................. 7

**Statutes**

CPLR 4102(c) (McKinney 1992) ............................................................................................. 4

Fed. R. Civ. P. 38(b) ................................................................................................................ 6

Fed. R. Civ. P. 81 .................................................................................................................... 3

Fed. R. Civ. Proc. 39(b) .......................................................................................................... 4

**Other Authorities**

8 James Moore, Moore's Federal Practice § 39.31[5][e][i] at 39-68 ("Prejudice, or the absence of prejudice, to the nonmoving parties tends to be a decisive factor in granting or denying a motion for a jury trial. . . .") ................................................................................................ 7

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X


INTRALINKS, INC.,                                      :

                        Plaintiff,                     :   Case No.: 07 Civ 8697 (RJS)
      -against-
                                                       :   (FILED ELECTRONICALLY)
EXADEL, INC.,
                                                       :
                        Defendant.
                                                       :
------------------------------------------------------------------ X
```

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff IntraLinks, Inc. ("IntraLinks"), respectfully submits this Memorandum of Law in support of its application for permission to file a late demand to try all of its claims, grounded in breach of contract and negligence, to a jury.

As detailed further below, whether to permit a late-filed jury demand is within the broad discretion of this Court, and this is a paradigm case for the exercise of that discretion: IntraLinks' late jury demand is no more than a technical oversight resulting from the interplay of inconsistent procedural rules governing the timing of jury demands in removed cases described/recognized by this Circuit as a "trap for the unwary;" it otherwise has had no material impact on the case or Exadel's preparation – well before any pre-trial work has even commenced.

In the circumstances, IntraLinks' motion should be granted in its entirety.

## BACKGROUND

IntraLinks commenced this action on September 11, 2007 in the New York State Supreme Court. A copy of the Complaint is annexed to the Declaration of Mitchel H. Ochs, Esq., dated February 7, 2008 ("Ochs Decl."), as Exhibit A. By this Action, IntraLinks seeks recovery against Exadel for hundreds of thousands of dollars already paid to it, as well as hundreds of thousands of dollars more in costs incurred, to redevelop a working/usable form of software program Exadel had been engaged, but failed and neglected, to provide, under State law theories of breach of contract and warranties, as well as negligence.

Before answering the Complaint, Exadel removed the Action to this Court invoking this Court's diversity jurisdiction. See Ochs Decl., Ex. B. On October 9, 2007, Exadel answered the Complaint and filed a counterclaim also based entirely on State law theories of liability. See Ochs Decl., Ex. C. IntraLinks filed its Reply to Counterclaims on October 30, 2007. See Ochs Decl., Ex. D.

On January 17, 2008, before any discovery had commenced, either in the State or this Court, the Court issued an Order directing that the parties meet and confer, and jointly prepare a form of Case Management Plan and Scheduling Order ("Scheduling Order"). See Ochs Decl., Ex. E. On January 23, 2008, IntraLinks forwarded a form of Scheduling Order to Exadel, among other things, disclosing its intent to try its case to a jury. See Ochs Decl., Ex. F. Exadel responded that IntraLinks had not timely elected trial by jury and, thus, had waived its right to a jury trial of its claims. Ochs Decl., Ex. F. On February 5, 2008, at the first conference in the matter, IntraLinks again raised its request for a jury trial; Exadel, again, opposed that request.

Following on the February 5 conference, the Court entered the Scheduling Order

and directed the parties to brief the issue of IntraLinks' right to a trial by jury. See Ochs Decl., Ex. G.

## ARGUMENT

### INTRALINKS' MOTION SHOULD BE GRANTED IN ALL RESPECTS

Rule 81 of Federal Rules of Civil Procedure addresses the timing of jury requests in cases removed from State court, and provides, in sum and substance, that a party in such a removed case may preserve its jury-trial rights by making a demand within ten days after filing of the removal petition unless it has already made such a request in the State court.* The Second Circuit has acknowledged that because it is unclear how Rule 81 applies to cases originating in New York State Supreme Court, where a party first demands a trial by jury after the completion of all discovery and the case is ready for trial, and thus, demand is made much later in the litigation than in federal court, the discretionary standard applied to the timing of jury demands under New York State law is to be read into Rule 81. See Higgins v. Boeing Co., 528 F.2d 1004, 1007 (2d Cir. 1975); see also Sinnot v. NCR Corp., 1992 U.S. Dist. LEXIS 8448, 1992 WL 142050, at *1 (S.D.N.Y., June 10, 1992) ("unless undue prejudice would result, [New York] courts have broad discretion to grant a request for a jury trial that is filed even after the note of issue is filed").

Moreover, even where there has not been strict compliance with Fed. R. Civ. P. 81, the trial court, by federal statute, is conferred wide latitude and broad discretion to permit an out-of-time jury demand:

---

* Under New York State Court trial rules, there is no requirement for making a jury demand until the filing of a note of issue, which is done following the completion of all discovery and after a case is fully prepared for trial. See, CPLR 4102(c) (McKinney 1992) (linking the domand for a jury to the filing of the note of issue).

3

> "Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

Fed. R. Civ. Proc. 39(b).

In discussing the nature, scope and interplay of the discretion afforded federal trial courts both under the New York state and Federal rules in these circumstances, the Second Circuit has drawn a distinction between those cases originally brought in federal court and those, like this one, removed from state court, noting, in the latter, that there is "play in the joints" for accommodating a removed party, and directing that the trial court:

> "ought to approach each application under Rule 39(b) with an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied."

Higgins, 526 F.2d at 1007

In Higgins, the Second Circuit enunciated a three-part test for determining whether the trial court, in its discretion, ought to permit late jury demands in removed cases including: (1) whether the case or claims are of a type ordinarily tried to a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether the non-moving party would be unduly prejudiced if the Court were to permit a jury trial. See Higgins, 526 F.2d at 1007.

Since Higgins, there has been an unbroken, if long, line of cases granting late-filed demands for jury trials in removed cases where a balancing of these factors tips in favor of the moving party. See, e.g.; Cascone v. Ortho Pharmaceutical Corp., 702 F.2d. 389 (2d Cir. 1983) (permitting trial-by-jury demand first made a year and one-half after Complaint filed);

Perelman v. Camp Androscoggin, 2008 U.S. Dist LEXIS 4600 (S.D.N.Y., Jan. 22, 2008) (Connor, J.) (motion for leave to file jury demand made and granted one year after case removed); Exact Identification Corp v. Feldman Sherb & Co., 2007 U.S. Dist LEXIS 81960 (S.D.N.Y., Nov. 5, 2007) (jury demand first included in a status report to court four months after Notice of Removal); Scelfo v. Aurora Concept Inc., 2006 U.S. Dist. LEXIS 5473 (S.D.N.Y., Feb. 9, 2006) (permitting trial by jury first demanded after the close of discovery and on the eve of trial in the absence of any demonstrated showing of prejudice); Sheikh v. Starr Transit Co., Inc., 2006 U.S. Dist LEXIS 3515 (S.D.N.Y., Jan. 30, 2006) (jury demand first filed seven months after suit commenced permitted in the absence of any prejudice); Thompson v. Beth Israel Medical Center, 1998 U.S. Dist. LEXIS 15521 (S.D.N.Y., Oct. 2, 1998) (same); Turkentz v. Metrmotion, Inc., 1997 U.S. Dist. LEXIS 19762 (S.D.N.Y., Dec. 12, 1997) (jury demand permitted even after plaintiff was ordered, but failed, to move for permission to file a late demand, in the absence of prejudice to the defendant).

These principles are fully applicable here and all of the Higgins factors weigh overwhelmingly in favor of permitting IntraLinks a trial by jury. Even Exadel must concede that IntraLinks' contract/warranty/negligence claims are the types of claims traditionally tried to a jury and that IntraLinks otherwise has a legal right to a trial by jury of these claims. See Exact Identification Corp. v. Feldman Sherb & Co. P.C., 2007 U.S. Dist. LEXIS *81960.

Nor can Exadel credibly claim that it was acting on the assumption that IntraLinks' claims – typically tried to a jury – would be tried to the bench. See Higgins, 526 F.2d. at 1006-1007. See also Marvel Entertainment Group, Inc. v. Arp Films, Inc., 116 F.R.D. 86, 88 (S.D.N.Y. 1987) ('since such [breach of contract] actions are commonly heard by juries,

there is no reason to presume that [plaintiff] contemplated a bench trial'). On the contrary, at the very first exchange between the parties, IntraLinks made known its intention to try the case to a jury, which intentions were repeated at the very first conference in this matter. IntraLinks has neither said nor done anything, at any other time or place, to contradict these clearly and consistently stated intentions.*

Above all, Exadel cannot meet its burden of demonstrating that it actually acted, or forbore from acting, based on any (actual or theoretical) assumption this case would be tried to the bench, and, thus, actual prejudice to it if the Court were to permit IntraLinks' jury demand at this time. The case is at its inception; no discovery has been propounded or produced in either the state or this Court; no witness deposed; no experts engaged. See, e.g., Reliance Elec. Co. v. Exxon Capital Corp., 932 F. Supp. At 103 [*20] ("Any prejudice alleged must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial." Late jury demand allowed where no showing of prejudice to defendants); National Union Fire Ins. Co. v. L.E. Myers Co. Group, 928 F. Supp. At 398 (same); CPH Int'l Inc. v. Phoenix Assurance Co., 1993 WL 485356 at *2 ("although [defendant] claims to have anticipated a bench trial in this action, [defendant] has not identified any action that it undertook or failed to undertake based on this expectation . . . [and] does not claim that it would be prejudiced by a jury trial of this action. . . . [A] defendant's longstanding reliance on a bench trial mandates denial of an untimely jury demand only if, as a result of such reliance, such defendant had prepared its case so differently

---

* To the extent Exadel seeks to exaggerate the "delay" in making the trial demand by framing the timeline as running from the date of commencement of the action in the State court, to the conference on February 5, 2008, that exercise is unavailing to it as a matter of fact and law. IntraLinks was not required to demand a jury before ten days after it filed its Reply on or about October 31, 2007, or November 10, 2007. See Fed. R. Civ. P. 38(b). In any event, it is the proven, actual, prejudice to Exadel as a result of the delay, and not the length of the delay in and of itself, that is legally relevant. CPH Int'l, Inc. v. Phoenix, 1993 WL 485356 at *2.

6

'that it would be unduly prejudiced by the prospect of a jury trial.'"); Marvel Entertainment Group, Inc. v. Arp Films, Inc., 116 F.R.D. at 88 (late jury demand in removed case permitted based on, inter alia, defendant's failure "to identify any demonstrable prejudice it would suffer from [plaintiff's] untimely jury demand"); Catapano v. Western Airlines, Inc., 105 F.R.D. 621, 624 (E.D.N.Y. 1985) (late jury demand allowed in personal injury case where no prejudice to defendant); Van Zandt v. Uniroyal, Inc., 529 F. Supp. At 484 (late jury demand allowed because made early in discovery so no prejudice to defendant); Sherwood Apartments v. Westinghouse Elec. Corp., 101 F.R.D. 102, 104 (W.D.N.Y. 1984) ("the focus" of the Higgins-CPLR § 4102(e) discretion analysis "is blatantly on undue prejudice vel non"; untimely jury demand allowed because "delay is of no effect . . . unless it works undue prejudice, and defendant had neither asserted nor shown undue prejudice"); Berger v. Goodyear Tire & Rubber Co., 83 F.R.D. at 116 (jury trial allowed where no prejudice to defendant); 8 James Moore, Moore's Federal Practice § 39.31[5][e][i] at 39-68 ("Prejudice, or the absence of prejudice, to the nonmoving parties tends to be a decisive factor in granting or denying a motion for a jury trial. . . .").

\*   \*   \*

In sum, Exadel improperly seeks to capitalize on at most a technical timing error resulting from the interplay of different, competing procedural rules described as a "trap for the unwary," (see Cascone v. Ortho Pharmaceutical, Corp., 702 F.2d. 389, 390), and otherwise having no impact whatever on the case or its preparation – apparently so that it might gain some advantage in the litigation. Neither law nor fairness supports such tactics.

## CONCLUSION

For all the foregoing reasons, IntraLinks respectfully requests that this Court enter an Order granting it permission to file a late jury demand, in its entirety, awarding IntraLinks its costs, including reasonable attorneys' fees incurred in connection with having to make this motion, together with such other, and further relief as to this Court seems just and proper.

Dated: New York, New York
       February 7, 2008

ANDERSON & OCHS, LLP

By: _____
    Mitchel H. Ochs (MO-7796)
61 Broadway, Suite 2900
New York, New York 10006
(212) 344-3600

*Attorneys for Plaintiff IntraLinks, Inc.*